UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - -x
In re:                          :

PHYLISS E. HICKS                :    BK No. 08-13050
          Debtor                     Chapter 7
- - - - - - - - - - - - - - - - -x
In re:                          :

CHARLES H. HICKS, JR.           :    BK No. 08-13048
          Debtor
- - - - - - - - - - - - - - - - -x

## ORDER

Heard on the Debtors' Objection to Household Finance Corp., II's Motion for Relief from Stay, for leave to proceed with the eviction of the Debtors from the property they occupy at 558-560 Oaklawn Avenue, Cranston, Rhode Island.  On September 30, 2008, Phyliss Hicks and Charles Hicks filed petitions under Chapter 7.

Phyliss Hicks is the former owner of the property.  Teresa Hicks, the Debtors' niece, was the mortgagor (not the record owner) of the property when Household foreclosed on its mortgage on September 29, 2006.  Neither Phyliss Hicks nor Charles Hicks were debtors in any bankruptcy case at the time of the 2006 foreclosure sale.[1]  The Debtors argue, nevertheless, that the foreclosure sale was invalid, because the automatic stay was in effect as to Teresa

---

[1] While neither Phyliss Hicks nor Charles Hicks was a debtor in a pending case at the time of the 2006 foreclosure sale, Phyliss Hicks's history of prior bankruptcy filings is noteworthy.  See BK Nos. 07-11394; 03-11687; 01-13786; 00-11967; 99-14935; and 98-14905.  While not technically relevant to the instant proceeding, this information is included in regard to the Court's concern over her good faith in the present case.  This comment does not apply to Charles Hicks, who has no history of prior bankruptcy filings.

Hicks, who had filed an eve of foreclosure bankruptcy petition on September 27, 2006.  That was the third bankruptcy case that Teresa Hicks had filed within the year.

11 U.S.C. § 362(c)(4)(A)(i) of the Bankruptcy Code provides in unequivocal, mandatory terms:

> if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

Phyllis Hicks does not address this issue, and her assertion that Household was "ignoring the court" is based on the incorrect assumption that Household was required to obtain relief from stay before proceeding with foreclosure on September 29, 2006.  Clearly, under 11 U.S.C. § 362(c)(4)(A)(i), there was no automatic stay in effect on the date of the foreclosure sale.

Accordingly, it is this Court's conclusion that the sale was valid, it is hereby confirmed, and Household's Motion for Relief from Stay is **GRANTED**.

At the hearing, Phyliss Hicks submitted an unreported memorandum opinion by the U.S. Bankruptcy Court for the District of New Hampshire, in which the Court held that actions taken by Harmon Law Offices "... when (1) the Chapter 13 Debtor was making regular postpetition payments, (2) the Debtor had filed a plan that would cure his prepetition mortgage default, and (3) the mortgagee was

2

BK Nos. 08-13050; 08-13048

not actively pursuing relief from the automatic stay, effectively constituted harassment of the Debtor and his family." *Shermanowski v. GMAC Corp. and Harmon Law Offices, P.C. (In re: Shermanowski)*, Ch. 13 Case No. 99-12204, Adv. No. 00-1008, slip op. at 10 (D.N.H. Aug. 15, 2000), and *for those reasons,* held that Harmon Law Offices had violated the automatic stay. *Id*. at 10.  *In re Shermanowski* could not be more distinguishable from the facts and travel of the case at bench, i.e., *none* of the factors cited on the Debtors' behalf in *Shermanowski* are present in this matter.

Finally, the Debtors' assertion that this Motion for Relief from Stay is racially motivated, is not supported by anything in the record.

Enter Judgment consistent with this Order.

Dated at Providence, Rhode Island, this     15th     day of December, 2008.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 12/15/08

3